**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 96-50505

_____

ICG ACCESS SERVICES INCORPORATED,

Plaintiff-Appellant,

versus

SBC COMMUNICATIONS, INCORPORATED,
formerly known as Southwestern
Bell Corporation; SOUTHWESTERN BELL
TELEPHONE COMPANY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-95-CV-123)

_____

March 13, 1997

Before GARWOOD, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this appeal we are asked to review the order of the
district court dismissing, pursuant to Federal Rules of Civil
Procedure 12(b)(6), the action of Plaintiff-Appellant ICG Access

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Services, Inc. (ICG) against Defendants-Appellees SBC Communications Incorporated and Southwestern Bell Telephone Company (collectively SBC), grounded in, inter alia, tortious interference with ICG's contractual relationship with City Public Service (CPS), a gas and electric utility owned by the City of San Antonio, Texas. The gravamen of ICG's complaint is SBC's allegedly tortious contact with CPS and officials of the City of San Antonio informing them of SBC's opinion that a licensing agreement between CPS and ICG contravened Texas law. The primary determination by the district court of which ICG complains is that ICG failed to state a claim sufficient to overcome SBC's immunity under the Noerr-Pennington Doctrine.

In our plenary review of the district court's Rule 12(b)(6) dismissal of ICG's action, we have heard oral argument and considered the briefs of counsel and the opinion of the district court, and we have studied ICG's First Amended Complaint and the record such as it is at the Rule 12(b)(6) stage of the proceedings. As a result, we are convinced that, beyond doubt, ICG could prove no set of facts sufficient to overcome the protection afforded SBC by the Noerr-Pennington Doctrine, which insulates SBC's activities under the petitioning clause of the First Amendment of the United States Constitution. The instant case is clearly distinguishable from our venerable opinion in Woods Exploration & Producing Co. v.

2

<u>Aluminum Co. of America</u>,[1] and the allegations of ICG's First Amended Complaint present no specific and direct assertions that, if proved, could elevate SBC's acts to the level of threats or coercive measures, or could demonstrate a sham on the part of SBC. And, without addressing each case relied on by ICG, it suffices that we find them inapposite, distinguishable, or both.

For essentially the same reasons relied on by the district court, we conclude that dismissal of ICG's action under Rule 12(b)(6) was proper and that the district court's order to that effect should be and therefore is

AFFIRMED.

---

[1] 438 F.2d 1286 (5th Cir. 1971), <u>cert. denied</u>, 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed. 736 (1972).

3